NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 29 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-1304 |
| Plaintiff - Appellee, | D.C. No. 5:17-cr-00120-AB-2 |
| v. | MEMORANDUM[*] |
| JESSE REGALADO, AKA Chewy, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
André Birotte Jr., District Judge, Presiding

Submitted February 21, 2024[**]

Before:     FERNANDEZ, NGUYEN, and OWENS, Circuit Judges.

Jesse Regalado appeals from the district court's judgment and challenges the

20-month sentence imposed upon the revocation of his supervised release.  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Regalado claims that the district court procedurally erred by basing the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

sentence on future, anticipated supervised release violations. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record demonstrates that the district court properly based the sentence on Regalado's personal characteristics, breach of the court's trust, and criminal history. *See* 18 U.S.C. § 3583(e); *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (reasons for the sentence may be inferred from the record as a whole); *United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007) (primary purpose of revocation sentence is to sanction the defendant's breach of the court's trust). The court's comments about how Regalado might perform should he remain on supervised release were made in response to Regalado's sentencing arguments and his request that the district court terminate supervision.

Regalado also contends that the above-Guidelines sentence is substantively unreasonable. In light of the § 3583(e) sentencing factors and the totality of the circumstances, however, the district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**